```
LAWRENCE G. BROWN
Acting United States Attorney
RICHARD BENDER
JILL M. THOMAS
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2781
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ORLANDO ISRAEL SALAZAR LOPEZ,<br>et. al.,<br><br>    Defendants. | CR. No. S-08-561 EJG<br><br>SUMMARY ORDER |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>HECTOR OJEDA BARRAZA, et. al.,<br><br>    Defendants. | CR. No. S-08-562 EJG<br><br>SUMMARY ORDER |

This case came before the Court on June 5, 2009, for a status conference and for a hearing on defendants' Motion to Reassign the Case to a Different District Judge.  Defendants appeared with their respective counsel or counsel specially appearing for their attorney; Jill Thomas and Richard Bender, assistant U.S. Attorneys,

1  appeared on behalf of plaintiff, United States of America.

2      After considering the written briefs filed by the parties, and
3  after having been given the opportunity to orally argue the motion,
4  the Court denied the defendants' Motion to Reassign the Case as set
5  forth in the transcript attached to this summary order as Exhibit A.
6  A summary of the Court's analysis is outlined below:

7      1.  The Court found no basis in fact and little support in the
8  law to reassign the cases to a different judge simply based on the
9  fact that the judge who authorized the wiretap is the same judge who
10 would hear the wiretap suppression motion and subsequent criminal
11 case.

12     2.  The local Eastern District of California policy permits the
13 same judge who authorizes the wiretap application to also hear the
14 wiretap suppression motion and subsequent criminal case.

15     3.  The Court found <u>United States v. Giordano</u>, 442 F.3d 30 (2d
16 Cir. 2006) persuasive.  The <u>Giordano</u> Court held that "the
17 authorization of a wiretap under Title III does not evidence the
18 degree of favoritism or antagonism required to necessitate recusal
19 under Section 455(a) from ruling on the admissibility of the
20 resulting evidence." <u>Id</u>. at 48.

21     4.  Likewise, the Court found <u>United States v. Hanhardt</u>, 134
22 F.Supp.2d. 972 (N.D. Ill. 2001) useful.  The Court in <u>Handardt</u>
23 stated that "judicial integrity requires the court to stay on the
24 case unless there is a valid reason for recusal." <u>Id</u>. at 976.

25     5.  Lastly, "judicial rulings alone almost never constitute a
26 valid basis for a bias or partiality motion." <u>Liteky v. United
27 States</u>, 510 U.S. 540, 555 (1994).

28     The government and all defendants agreed to a status conference

date of July 17, 2009.  All parties stipulated to the exclusion of time and the Court excluded time pursuant to T-4 and T-2 up to and including July 17, 2009 to give all counsel the opportunity to effectively prepare.

**ORDER**

**IT IS SO ORDERED,**

DATED: July 9, 2009                    /s/ Edward J. Garcia
                                       HONORABLE EDWARD J. GARCIA
                                       United States District Judge